IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BANK OF AMERICA, N.A., ETC.,

      Appellant,

v.                                                                           Case No.  5D14-4511

LINDA A. NASH, ET AL.,

      Appellees.

_____/

Opinion filed May 6, 2016

Appeal from the Circuit Court
for Seminole County,
Robert J. Pleus, Jr., Senior Judge.

Mary J. Walter, of Liebler Gonzalez
& Portuondo, Miami, for Appellant.

John G. Pierce, of Pierce & Associates,
PLC, Orlando, for Appellee, Linda A. Nash.

Shawn Timothy Newman, Olympia, Pro
Hac Vice, for Appellee, Homeowners
SuperPAC.

PER CURIAM.

      Bank of America, N.A. ("Bank"), as successor by merger to BAC Home Loans

Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, appeals the trial court's final

judgment denying its foreclosure action against Linda A. Nash, invalidating the note and

mortgage, ordering a refund of all mortgage payments, and awarding attorney's fees to Nash. We reverse.

In 2005, Nash executed a promissory note secured by a mortgage in favor of America's Wholesale Lender ("AWL"). Countrywide Home Loans, Inc., "a New York Corporation Doing Business as America's Wholesale Lender," subsequently indorsed the note in blank, and MERS, as nominee for AWL, assigned the mortgage to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loan Servicing, LP ("BAC"). In 2010, BAC sent a notice of default to Nash. When Nash failed to cure the default, Bank, successor by merger to BAC, filed a mortgage foreclosure complaint against her, alleging that all conditions precedent had been performed. Copies of the original mortgage and note, acceleration notice, and assignment of mortgage were attached to the complaint. Nash filed an answer and affirmative defenses, alleging that Bank did not have standing to foreclose and that the note and mortgage were invalid because both documents and the indorsement delineated AWL as both a corporation and a fictitious name.

Following a trial, the trial court entered a final judgment in favor of Nash, finding that Bank did not have standing to bring the action and that the note and mortgage were void because AWL was not incorporated when the loan was made, was not a licensed mortgage lender in Florida, and did not have authority to do business in Florida. The trial court then ordered Bank to repay to Nash all sums that she had paid on the note and mortgage as well as her attorney's fees.

"A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose." McLean v. JP

2

Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012) (finding that, to establish standing, plaintiff must show it held or owned note at time complaint was filed). Under section 673.3011, Florida Statutes (2011), a person entitled to enforce the note and foreclose on a mortgage is the holder of the note, a non-holder in possession of the note who has the rights of a holder, or a person not in possession of the note who is entitled to enforce under section 673.3091, Florida Statutes. Thus, "[t]he party that holds the note and mortgage in question has standing to bring and maintain a foreclosure action." Deutsche Bank Nat'l Tr. Co. v. Lippi, 78 So. 3d 81, 84 (Fla. 5th DCA 2012). If the note does not name the plaintiff as the payee, the note must bear a special indorsement in favor of the plaintiff or a blank indorsement. See Riggs v. Aurora Loan Servs., LLC, 36 So. 3d 932, 933 (Fla. 4th DCA 2010).

"A trial court's decision as to whether a party has satisfied the standing requirement is reviewed de novo." Sosa v. Safeway Premium Fin. Co., 73 So. 3d 91, 116 (Fla. 2011). We conclude that the trial court erred in finding that Bank did not have standing to bring this action. According to the unrebutted testimony from Chad Anderson, a mortgage resolution associate with Bank who was familiar with the subject loan and its records, Bank, or entities that merged into Bank, had always serviced the loan. He identified AWL as the original lender and Countrywide as the original loan servicer. He testified that AWL was "a business entity or a business name under Countrywide" and that Countrywide, a New York corporation, was doing business as AWL. Mr. Anderson testified that Countrywide serviced the loan from commencement until April 27, 2009, when its name changed to BAC. In July 2011, BAC merged into

3

Bank. Thus, the evidence shows that the loan was never transferred, and Bank, as a result of the merger with BAC, had standing to foreclose.

In its final judgment, the trial court also found that AWL was not licensed or authorized to do business in Florida. This was not raised as an affirmative defense, and no record evidence establishes that AWL or Countrywide was not licensed as a mortgage lender in 2005. Even if AWL was required to obtain a license and did not do so, disciplinary measures for such a violation would include, among others, a fine or reprimand.[1] §§ 494.0025, 494.0072, Fla. Stat. (2005). The failure to comply with the licensing requirement would "not affect the validity or enforceability of any mortgage loan . . . ." § 494.0022, Fla. Stat. (2005). Likewise, while section 607.1501(1), Florida Statutes (2005), prohibits a foreign corporation from transacting business in Florida until it obtains a certificate of authority from the Department of State, activities including

---

[1] While it is unlawful for any person to act as a mortgage lender in Florida without a current active license, see section 494.0025(1), Florida Statutes (2005), there are exceptions for

> (a) A bank, bank holding company, trust company, savings and loan association, savings bank, credit union, or insurance company if the insurance company is duly licensed in this state.
>
> (b) Any person acting in a fiduciary capacity conferred by authority of any court.
>
> (c) A wholly owned bank holding company subsidiary or a wholly owned savings and loan association holding company subsidiary that is approved or certified by the Department of Housing and Urban Development, the Veterans Administration, the Government National Mortgage Association, the Federal National Mortgage Association, or the Federal Home Loan Mortgage Corporation.

§ 494.006(1)(a)-(c), Fla. Stat. (2005).

"[c]reating or acquiring indebtedness, mortgages, and security interests in real or personal property" or "[s]ecuring or collecting debts or enforcing mortgages and security interests in property securing the debts" do not constitute transacting business. § 607.1501(2)(g), (h), Fla. Stat. (2005). Thus, even assuming AWL/Countrywide was a foreign corporation, it did not need to obtain a certificate of authority in order to create or enforce a mortgage or note.

The only remaining issue concerns Nash's claim that AWL was a fictitious name for Countrywide, if Countrywide failed to register that name. A person may not engage in business under a fictitious name unless the name is registered with the Division of Corporations of the Department of State. § 865.09(3), Fla. Stat. (2005). If a business fails to comply, it and any successors or assigns may not maintain any action, suit, or proceeding in any court. Id. § 865.09(9)(a). Here, there is no evidence to suggest that Countrywide failed to register AWL as a fictitious name, but, even so, such a failure to register "does not impair the validity of any contract, deed, mortgage, security interest, lien, or act of such business and does not prevent such business from defending any action, suit, or proceeding in any court of this state." Id. § 865.09(9)(b).

The trial court also found that a condition precedent of the foreclosure had not been met because there was no receipt of the default letter. However, the failure to perform a condition precedent was not raised in Nash's affirmative defenses. As a result, the defense is waived. Fla. R. Civ. P. 1.140(h). Even had it been properly raised, it was meritless.

According to Mr. Anderson, the default letter was mailed to Nash at her designated mailing address. The trial court's conclusion that Bank was required to

5

establish proof of delivery in order to establish that it met all required conditions precedent to foreclosure was misplaced. Here, the note states that

> [u]nless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Thus, under the note, notices may be mailed to the property address or to a different address, if designated. Bank did so. The fact that the letter may not have been received is irrelevant.

Bank also argues that the trial court erred by granting relief beyond Nash's pleadings, specifically, by invalidating the note and mortgage and ordering Bank to return all prior mortgage payments when Nash never requested this relief. "A trial court is without jurisdiction to award relief that was not requested in the pleadings or tried by consent." Wachovia Mortg. Corp. v. Posti, 166 So. 3d 944, 945 (Fla. 4th DCA 2015). Therefore, "a judgment which grants relief wholly outside the pleadings is void." Bank of N.Y. Mellon v. Reyes, 126 So. 3d 304, 309 (Fla. 3d DCA 2013); see Mullne v. Sea-Tech Constr. Inc., 84 So. 3d 1247, 1249 (Fla. 4th DCA 2012). Further, granting relief, which was neither requested by appropriate pleadings, nor tried by consent, is a violation of due process. Posti, 166 So. 3d at 945-46. Pleadings sufficient to invoke a court's jurisdiction, according to the rules of civil procedure, include a complaint, petition, counterclaim, crossclaim, and a third-party complaint. Fla. R. Civ. P. 1.100(a).

We agree that the trial court erred by granting relief that was outside the scope of the pleadings. Nash alleged in her answer and affirmative defenses that the note and mortgage were invalid, but no request for repayment was pled.

6

For these reasons, we reverse the judgment in favor of Nash and remand for entry of judgment in favor of Bank. We also reverse the award of attorney's fees in favor of Nash.

REVERSED and REMANDED.

ORFINGER, BERGER and EDWARDS, JJ., concur.